SCANNED
DATE: 1-24-05
BY: CMB

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10135 MLW

| | |
|---|---|
| PRIME POULTRY CORP., <br> Plaintiff, <br><br> v. <br><br> YU & QUANG TRADING, INC., <br> WU CHEN and YU CHEN <br> Defendants, | FILED IN CLERK'S OFFICE <br> RECEIPT # 61621 <br> AMOUNT $150 <br> SUMMONS ISSUED 3 <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. M.P. <br> DATE 1/21/05 |

MAGISTRATE JUDGE New Mag. Judge

## COMPLAINT

**I.   JURISDICTION** – APPLICABLE TO ALL COUNTS

Jurisdiction is based upon 28 U. S. C. §1332. This matter is between citizens of different states and the amount in controversy is in excess of $75,000.00

**II.   THE PARTIES** – APPLICABLE TO ALL COUNTS

1. Prime Poultry Corp. (hereinafter referred to as "Prime") is a Massachusetts Corporation, with a principal place of business at 24 Chesterton Street, Boston, MA.

2. Yu & Quang Trading, Inc. (hereinafter referred to as "Yu & Quang") is a New York Corporation with a principal place of business at 282 Broome Street, New York, NY.

3. Wu Chen is a resident of the State of New York and resides at 12 Monroe Street, Apartment HF3, New York, NY. Wu Chen at all relevant times was the Manager and Chief Operating Officer of Yu & Quang. He is also a Corporate Director of Yu & Quang.

4. Yu Chen is a resident of the State of New York. Yu Chen is the President, sole owner and Chief Executive Officer of Yu & Quang.

**III.   THE SCHEME-** APPLICABLE TO ALL COUNTS

5. Prime is a poultry wholesaler. It purchases chicken, turkey and other products from producers and larger wholesale suppliers and sells that product, primarily to Massachusetts based retail customers.

6. Eric Talcofsky was the President of Prime in November of 2002. He was the son of Norman Talcofsky, the CEO of Prime, and Ruth Talcofsky and the brother of Susan Talcofsky Aguiar. Norman Talcofsky died on November 19, 2002.

7. In November of 2002, after the death of Norman Talcofsky, the stock of Prime was owned as follows:

   a. 60% in trust for the benefit of Ruth Talcofsky, Norman's widow.
   b. 20% owned by Susan Talcofsky Aguiar
   c. 20% owned by Eric Talcofsky

8. Yu & Quang is a poultry wholesaler located in New York City. It typically purchases chicken from chicken producers or large wholesalers and supplies it to retail customers in New York City.

9. Because of a variety of market factors including the expense of doing business in New York City, Prime is typically able to pay less than Yu & Quang for the same product.

10. In November of 2002, Eric Talcofsky and Wu Chen agreed that Eric would arrange to place two pallets of boneless chicken breasts (approximately 4000 lbs.) on each shipment going to Yu & Quang. Eric and Wu Chen agreed that the two pallets would not appear on the invoice from Prime or on the bill of lading for the shipment. Wu Chen, Yu Chen and Yu & Quang knew that Prime would not be paid for the boneless chicken breasts. Wu Chen agreed on behalf of Yu Chen and Yu & Quang that he would pay Eric Talcofsky in cash with the knowledge that the cash paid to Eric would not be received by Prime but would instead be used for the personal benefit of Eric Talcofsky.

11. From November 2002, Eric Talcofsky arranged on an almost weekly basis to forward at least two pallets of boneless chicken breast to Yu & Quang. In each instance Eric Talcofsky and Yu & Quang agreed that the two pallets of boneless chicken breasts would not be listed on the Prime invoice or on the bill of lading and that Prime records would not show that the boneless chicken breast had been shipped from the inventory of Prime.

12. Attached to this Complaint as Exhibit 1, and incorporated as if set out in full herein, is a list of the shipments of boneless chicken breasts videotaped to Yu & Quang that were being made by Eric Talcofsky from the inventory of Prime without payment being made to Prime and with cash payments being made to Eric Talcofsky. The loads on Exhibit 1 were videotaped by Prime's security cameras. Many additional loads are established based on the testimony of Prime employees. The total retail value of the product diverted from Prime by this scheme, as known by Prime at this point, is in excess of $350,000.

13. On approximately January 2, 2003, Yu & Quang received a full truck load, 703 boxes of product, with a retail value of $60,000 from Prime. Yu & Quang did not pay Prime for that product. On information and belief Yu & Quang paid Eric Talcofsky cash for that product.

14. Wu Chen, Yu Chen and Yu & Quang entered into a variety of other arrangements with Eric Talcofsky involving the delivery of property and inventory of Prime to Yu & Quang without payment being made to Prime.

15. By July of 2003, Prime had discovered the scheme between Eric Talcofsky and Yu & Quang. When Eric Talcofsky learned that the scheme had been uncovered he called Yu & Quang and explained to them that payment for the most recently shipped boneless chicken breasts needed to be made to Prime. Mr. Talcofsky created an invoice in the amount of $32,000.00 and called Wu Chen to tell him that he was sending the invoice because the could not do cash business anymore. The invoice was not a contemporaneous invoice but rather was an after the fact invoice designed to represent product shipped in June and July to Yu & Quang.

16. Yu & Quang paid $32,000.00 represented by that invoice to Prime on August 26, 2003, which represented only the approximate cost of said product.

17. At all relevant times, Yu Chen was directly supervising Wu Chen. Yu Chen was aware of and approved the scheme whereby Prime's property was taken from Prime without payment to Prime. Yu Chen was directly involved in arranging to have cash available to make payment to Prime.

18. As part of the scheme, the Defendants Yu & Quang, Wu Chen and Yu Chen agreed with Eric Talcofsky that they would utilize interstate trucking companies who would agree not to produce legally required bills of lading showing the boneless chicken breasts, which was the property of Prime, and was being shipped to Yu & Quang.

## IV. CLAIMS

### COUNT I – CONVERSION

21. From on or about November 2002 through July of 2003, the Defendants Yu & Quang, Wu Chen and Yu Chen converted to their own use poultry product which was property of Prime in the value of approximately at least $350,000.

### COUNT II – DECEIT

22. Beginning on or about November 2002 the Defendants Yu & Quang, Wu Chen and Yu Chen made representations to Prime that they wished to purchase poultry products from Prime at a market rate.

23. The representations of the Defendant's Yu & Quang, Wu Chen and Yu Chen were false in that the Defendant's, in fact intended to induce employees and agents of

    Prime to deliver to them Prime's poultry products at a below market rate. The Defendants knew that Prime would not be paid for the product and that instead they would pay the agents and/or employees of Prime directly in cash which they knew the agents and/or employees would use for their own benefit.

24. Beginning in November 2002, the Defendants Yu & Quang, Wu Chen and Yu Chen knowingly received non invoiced poultry products as described above and paid cash to the agents and/or employees of Prime knowing that Prime would not receive any payment for the product received by the Defendants.

25. The Defendants Yu & Quang, Wu Chen and Yu Chen acted with the knowledge and intent to deceive the Plaintiffs and to induce the Plaintiffs to do business with them so that the scheme, as set out above, could be carried out.

26. As a result of the scheme as outlined above, Prime was deprived of lost revenue for poultry products valuing in excess of $350,000.

### COUNT III – GOODS SOLD AND DELIVERED

27. The Defendants Yu & Quang, Wu Chen and Yu Chen owe the Plaintiff well over $350,000 for goods sold and delivered by the Plaintiff to the defendant between November 2002 and July 2003.

### COUNT IV – CIVIL CONSPIRACY

28. The Defendant's Yu & Quang, Wu Chen and Yu Chen combined and conspired with Eric Talcofsky for the unlawful purpose of converting the property of Prime by the unlawful and improper means.

29. The Defendant's Yu & Quang, Wu Chen and Yu Chen were able to carry out their scheme to deprive Prime of its property because of the peculiar power available to Eric Talcofsky as agents and/or employees of Prime.

30. As a result of the conspiracy entered into between the Defendants Yu & Quang, Wu Chen and Yu Chen and Eric Talcofsky, Prime suffered damages due to loss of its property in excess of $350,000.

### COUNT V – M. G. L. C. 93A

31. Prime, Yu & Quang, Wu Chen and Yu Chen are all parties who engage in the conduct of trade or commerce in the Commonwealth of Massachusetts.

32. The conduct of Yu & Quang, Wu Chen and Yu Chen, as outlined in paragraphs 1 through 30 above, constitute unfair and deceptive trade practices and unfair competition.

33. Prime has suffered a loss of money and property as a result of the unfair competition and unfair and deceptive trade practices of Yu & Quang, Wu Chen and Yu Chen.

34. Yu & Quang, Wu Chen & Yu Chen acted willfully and knowingly when they committed the unfair and deceptive practices and unfair competition.

WHEREFORE: The Plaintiff moves this Court to:

1. Award judgment in an amount which fairly and fully compensates the Plaintiff plus costs and interest.

2. Award to the Plaintiff treble damages pursuant to M. G. L. c. 93A §11.

3. Award to the Plaintiff attorney's fees pursuant to M. G. L. c. 93A §11.

Respectfully submitted,
By my attorney,

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108
(617) 723-1720
MA BBO# 415900

JURY DEMAND: Now comes the Plaintiff and demands a jury trial on all counts.

Michael W. Reilly, Esq.



# PRIME POULTRY CORP
### 24 Chesterton Street
### Boston, MA 02119

Tel.: 617-442-0707  *  In N.E. (800) 339 - CHIX  *  Fax: 617-442-4491

## CONFIRMED VIDEO NON BILLED PRODUCT

| Date | Product |
|---|---|
| 12/04/02 | 100 Boneless |
| 12/09/02 | 100 Boneless |
| 12/18/02 | 100 Boneless |
| 01/02/03 | 703 Boxes of Product Never Billed at All |
| 01/22/03 | 100 Boneless |
| 01/27/03 | 100 Boneless |
| 02/05/03 | 100 Boneless |
| 02/17/03 | 100 Boneless |
| 02/26/03 | 100 Boneless |
| 03/05/03 | 98 Boneless |
| 03/12/03 | 100 Boneless |
| 03/17/03 | 100 Boneless |
| 03/31/03 | 100 Boneless |
| 04/09/03 | 100 Boneless |
| 04/14/03 | 100 Boneless |
| 04/23/03 | 100 Boneless |
| 04/28/03 | 100 Boneless |
| 05/05/03 | 100 Boneless |
| 05/07/03 | 100 Boneless |
| 05/14/03 | 100 Boneless |
| 05/19/03 | 100 Boneless |
| 05/21/03 | 100 Boneless |
| 05/27/03 | 100 Boneless |
| 06/02/03 | 100 Boneless |
| 06/05/03 | 100 Boneless |
| 06/09/03 | 100 Boneless |
| 06/11/03 | 100 Boneless |
| 06/16/03 | 100 Boneless |
| 06/18/03 | 100 Boneless |
| 06/23/03 | 100 Boneless |
| 06/25/03 | 100 Boneless |
| 06/30/03 | 100 Boneless |
| 07/02/03 | 100 Boneless |
| 07/07/03 | 100 Boneless |
| 07/10/03 | 100 Boneless |

EXHIBIT 1
ALL-STATE® INTERNATIONAL

JS 44
(Rev. ...)

DATE: 1-24-05
ONLY

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Prime Poultry Corp.

FILED IN CLERK'S OFFICE
2005 JAN 20 P 12:47
U.S. DISTRICT COURT
DISTRICT OF MASS.

### DEFENDANTS

Yu & Quang Trading, Inc.
Wu Chen
Yu Chen

FILED IN CLERK'S OFFICE
2005 JAN 21 P 12:33
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New York, New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05-10135 MLW

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael W. Reilly, Esq.

ATTORNEYS (IF KNOWN)

Not Known

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendants conspired with employee of Plaintiff to steal chicken product valued at over $350,000. This is a diversity action pursuant to 28 U.S.C. section 1332.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  1/20/5

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___