UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWART F. GROSSMAN, as Assignee for the Benefit of Creditors of, PRIME POULTRY CORP., <br><br> Plaintiff, <br><br> vs. <br><br> YU & QUIANG TRADING, INC., WU CHEN and YU CHEN, <br><br> Defendants. | CASE NO. 05-10135-MLW |

## ANSWER OF YU & QUIANG, WU CHENG AND YU CHEN

### Introduction

Defendants Yu & Quiang Trading, Inc., Wu Chen and Yu Chen (collectively, "YQTI") hereby hereby answer the numbered paragraphs in the Complaint plaintiff Stewart F. Grossman, in his capacity as Assignee for the Benefit of Creditors of Prime Poultry Corp ("Prime"). The phrase "without information" means that YQTI is without sufficient information to admit or deny the allegation and therefore denies the allegation.

### Answer to Numbered Paragraphs in Complaint

1. Admitted.

2. Admitted.

3. Denied that Wu Chen has any formal designation as a Chief Operating Officer of YQTI as alleged. Otherwise admitted.

4.  Denied that Yu Chen has any formal designation as Chief Executive Officer of YQTI as alleged. Otherwise admitted.

5.  YQTI knows that Prime was poultry wholesaler. YQTI is without knowledge as to the details of Prime's business activities.

6.  YQTI knows that Talcofsky was a salesman at Prime, and that at some point in 2002 Norman Talcofsky died.

7.  YQTI is without information with respect to the stock ownership of Prime after Norman Talcofsky's death.

8.  Admitted that YQTI is a wholesaler.

9.  Admitted that YQTI was able to buy for less from Prime.

10. Denied.

11. YQTI is without knowledge as to what Eric Talcofsky did or did not arrange. Denied as to all other allegations.

12. YQTI is without knowledge as to the Prime videotapes. Denied as to all other allegations.

13. Denied that YQTI did not pay Prime and denied the YQTI paid Eric Talcofsky cash for the shipment in question.

14. Denied.

15. YQTI is without information as to what Prime did or did nor discover or what Eric Talcofsky did or did not do.

16. Admitted that YQTI paid for the product in question. Denied as to all other allegations.

2

17. Denied that there was a scheme to take Prime's products without payment.

18. Denied.

21. Denied.

22. Admitted that YQTI intended to pay the price stated on invoices sent by Prime, whether or not such price was a "market price." Further answering, YQTI was trying to get the best price it could for products it bought.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. YQTI has its place of business in New York although it would buy product from Prime in Massachusetts.

32. Denied.

33. Denied.

34. Denied.

## Affirmative Defenses

### First Affirmative Defense

Prime has failed to state a claim for which relief can be granted.

3

<ins>Second Affirmative Defense</ins>

The claims asserted in the complaint in this case against YQTI are claims for which Prime has already been paid in full as a result of settlement of its suit against Eric Talcofsky, a former officer of Prime, which asserted the same claims, and therefore YQTI owes Prime nothing.

<ins>Third Affirmative Defense</ins>

All actions of Prime and YQTI were authorized by Norman Talcofsky, chief executive officer of Prime. Alternatively, Prime is estopped from bringing or has waived its claims due to the authorization and direction received from Norman Talcofsky, which authorization and direction was never revoked.

<ins>Fourth Affirmative Defense</ins>

Prime lacks jurisdiction in Massachusetts under G. L. c. 93A, and Prime retains the burden of proof of showing that such jurisdiction exists.

**<ins>Relief Sought</ins>**

Wherefore, Defendants Yu & Quiang Trading, Inc., Wu Chen and Yu Chen ask this Court for the following relief:

(1)   On Counts, I-V, award judgment to the Defendants and against the Plaintiff, and award the Defendants their costs of defense including attorney's fees;

(2)   On Counts, I-V, award Defendants their legal fees and costs of defense under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927; and

(3)   Award such other relief to the Defendants as this Court deems just and equitable.

MCG/31981/4/567032v1
03/28/05-BOS/

                                                         **YU & QUIANG TRADING, INC., WU CHEN and YU CHEN**
                                                         By their attorneys,

                                                         /s/_____
                                                         Michael C. Gilleran (BBO #192210)
                                                         PEPE & HAZARD LLP
                                                         225 Franklin Street
                                                         Boston, Massachusetts 02110
                                                         (617) 748-5500

Dated: March 28, 2005                      Fax: (617) 748-5555

### Certificate of Service

The undersigned hereby certifies that he has today served a copy of the foregoing by electronic service and regular mail upon counsel for the Plaintiff.

                                                         /s/_____
                                                         Michael C. Gilleran

Dated: March 28, 2005