UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STEWART F. GROSSMAN, as Assignee    )
for the Benefit of Creditors of,    )
PRIME POULTRY CORP.,                )
                                    )
         Plaintiff,                 )
                                    )
vs.                                 )    CASE NO. 05-10135-MLW
                                    )
YU & QUIANG TRADING, INC.,          )
WU CHEN and YU CHEN,                )
                                    )
         Defendants.                )
                                    )
_____)

**DEFENDANTS' AUTOMATIC DISCLOSURES**

Now come the Defendants, Yu & Quiang Trading, Inc.; Wu Chen; and Yu Chen (collectively, the "Defendants") and respectfully submit these Initial Automatic Disclosures pursuant to Federal Rule of Civil Procedure 26 as follows:

1.  Rule 26(a)(1)(A): The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

    Eric Talcofsky. Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc. Further, he is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

    Wu Chen. Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc.

    Susan Talcofsky Aguiar. Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading,

Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc. Further, she is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

<u>John Aguiar</u>.  Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc.  Further, he is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

<u>Richard Pichette as Trustee</u>.  Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc. Further, he is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

<u>Barry Goodwin</u>.  Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc.  Further, he is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

<u>Prime Poultry Corp.'s Keeper of Records</u>.  Is likely to have information regarding shipments of product that were made from Prime Poultry Corp. to Yu & Quiang Trading, Inc.; payments that were made for the product; and the history of the relationship between Prime Poultry Corp. and Yu & Quiang Trading, Inc.  Further, he is likely to have information regarding the Essex Litigation (defined below) and the value of the consideration paid in settlement thereof.

2.    <u>Rule 26(a)(1)(B)</u>:  A copy of, or description by category and location of, all documents, data compilations, and tangible things in the possess, custody or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings.

    A.    Copies of documents produced at the deposition of Yu & Quiang Trading, Inc., in the Essex County, Massachusetts litigation entitled *Prime Poultry Corp., et al. v. Talcofsky*, C.A. No. 03-2012 (the "Essex Litigation"), which are in Defendants' counsel's possession and will be made available for inspection and copying.

    B.    *The Settlement Agreement and Mutual General Release* and *Stock Transfer and Indemnification Agreement* entered into among the parties from the Essex Litigation, which are in Defendants' counsel's possession and will be made available for inspection and copying.

    C.    The appraisal for the real estate that comprised the consideration paid by Eric Talcofsky in settlement of the Essex Litigation, which is in Defendants' counsel's possession and will be made available for inspection and copying.

3.    Rule 26(a)(1)(C):  A computation by category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

    None.

4.    Rule 26(a)(1)(D):  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    None.

5.    Rule 26(a)(2): The Defendants shall make disclosures pursuant to this Rule consistent with the Scheduling Order of the Court.

    Respectfully submitted,
    YU & QUIANG TRADING, INC.,
    WU CHEN and YU CHEN,

    /s/ David P. Russman
    _____
    David P. Russman (BBO# 567796)
    PEPE & HAZARD LLP
    225 Franklin Street
    Boston, Massachusetts  02110
    (617) 748-5500
Dated: September 30, 2005    Fax:  (617) 748-5555

## Certificate of Service

I hereby certify that I have today served the above document upon counsel for the opposing party by electronic means.

                                          /s/ David P. Russman  
                                          David P. Russman

DATED:  September 30, 2005

DPR/33028/2/570510v1
09/30/05-BOS/