## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWART F. GROSSMAN, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF, PRIME POULTRY CORP., Plaintiff, v. YU & QUANG TRADING, INC., WU CHEN and YU CHEN Defendants, | CIVIL ACTION NO.: 05 10135MLW |

### AFFIDAVIT OF SUSAN TALCOFSKY AGUIAR

1. I, Susan Talcofsky Aguiar, am the sister of the subpoenaed witness, Eric Talcofsky and the sister-in-law of the subpoenaed witness, Ximena Talcofsky.

2. For many years prior to my father's death in November of 2002, the business of Prime Poultry was run by my father with myself and my brother acting as the other senior executives.

3. At this point, Prime Poultry is in an Assignment for the Benefit of the Creditors and I have been employed by the Assignee Steward F. Grossman to marshal the assets for the benefit of creditors.

4. I have been designated by Steward F. Grossman to represent Prime Poultry for purposes of this lawsuit and for purposes of the depositions of Eric and Ximena Talcofsky.

5. This lawsuit alleges, in general, that Eric Talcofsky entered into a scheme with the Defendant, Yu & Quang Trading, Inc. to defraud Prime Poultry of hundreds of thousands of dollars worth of product by arranging to have the product shipped from

Prime to Yu & Quang and to have cash payments made from Yu & Quang to Eric Talcofsky.

6. Because of the death of my father and dissolution of Prime Poultry, I am the only person available who has sufficient information to understand the mechanics of how the product was transferred from Prime Poultry and how the cash was transferred to Eric Talcofsky. It is essential that I be available to advise Counsel during the depositions of Eric and Ximena Talcofsky in order to allow Prime Poultry to be fully represented at the deposition.

7. Because of my personal relationship with Eric and Ximena Talcofsky prior to my father's death, I heard both of them discussing their financial affairs including their assets, possessions they purchased and their dealings internationally. I am uniquely able to advise Counsel during their depositions on the subject of tracing the funds received from Yu & Quang by Eric and Ximena Talcofsky.

8. I understand that Counsel for Yu & Quang has argued that the case against Yu & Quang should be dismissed because the settlement Prime Poultry entered into with Eric Talcofsky constitutes a complete setoff of any claim against Yu & Quang. That defense by Yu & Quang presents several issues to be explored at the depositions of Eric and Ximena Talcofsky.

   1) What other schemes with other vendors was Eric Talcosky involved in?
   2) How much money exactly did Eric Talcofsky receive in cash from Yu & Quang?
   3) What was exact mechanism used by Eric Talcofsky to ship product to Yu & Quang.

    4) Will examination of Prime records show the same mechanism was used in connection with other vendors?

As to all of these matters, I am the only person with personal knowledge sufficient to advise Counsel during depositions.

9. I have agreed through counsel that because of the stained relationship in the family and because of what I believe to be the unfounded charges against my husband John Aguiar by Eric and Ximena Talcofsky's daughter, my husband John will not be present during the depositions.

10. I have been a member of the Bar of Commonwealth of Massachusetts since 1986. I understand my obligations as an attendee at a deposition not to testify, not to make any statements and not to interfere in any way with the deposition. I have no intention of attempting to intimidate or harass or have any communication with either Eric or Ximena Talcofsky at the deposition. I understand my obligation as an officer of the court to refrain from any such conduct.

Signed under the pains and penalties of perjury this 30 day of November, 2005.

*Susan Talcofsky Aguiar*
Susan Talcofsky Aguiar