# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWART F. GROSSMAN, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF, PRIME POULTRY CORP., <br> Plaintiff, <br><br> v. <br><br> YU & QUANG TRADING, INC., WU CHEN and YU CHEN <br> Defendants, | CIVIL ACTION NO.: <br> 05 10135MLW |

### STEWARD F. GROSSMAN'S OPPOSITION TO
### ERIC AND XIMENA TALCOFSKY'S MOTION FOR PROTECTIVE ORDER

I.  INTRODUCTION

This case arises from the theft by Eric Talcofsky of several hundred thousand dollars of poultry product from his family business. As Counsel for Yu & Quang mentioned in his argument at the pretrial conference, Prime Poultry has settled with Eric Talcofsky and received a substantial asset, his interest in the commercial real estate where the business operated, as a result of a State court action. In this case, Prime Poultry is seeking to recover from Yu & Quang the remaining funds it lost as a result of Eric Talcofsky's scheme.

Depositions of Eric and Ximena Talcofsky are essential to this litigation for several reasons:

1. Eric Talcofsky alone knows the exact mechanism used to ship the product illegally to Yu & Quang.

2.  Eric Talcofsky has exclusive information concerning exactly how much product he shipped to Yu & Quang.

3.  Eric Talcofsky alone knows how much product he shipped to sources other than Yu & Quang Trading.

4.  One method of determining the total shipments to Yu & Quang is to determine the amount of funds provided by Yu & Quang to Mr. Talcofsky. Assuming Mr. Talcofsky did not declare this cash income on his tax returns, one method of determining the amounts of cash received from Yu & Quang is to examine his income into his various bank accounts and his outgo for various assets including expensive homes, furnishings, vacations, etc.

Prime Poultry knows Mr. Talcofsky's gross income from Prime Poultry. If examination of records show that he and his wife were spending two to three times their reported income, it allows Prime Poultry to begin to explore the source for the additional funds.

The deposition of Ximena Talcofsky is necessary because it appeared that she was intimately involved in the receipt and spending of the additional funds. Funds going directly to Ximena Talcofsky from Yu & Quang or from other vendors are of central relevance to this action.

For all of the above reasons, the complete and accurate depositions of Eric and Ximena Talcofsky are essential to this litigation.

II. **THE WITNESSES HAVE NOT MEET THEIR BURDEN FOR ISSUANCE OF A PROTECTIVE ORDER.**

The witnesses in this case are seeking extraordinary relief. They have not produced any extraordinary facts to support that requested relief. This appears to request pursuant to Fed.R.Civ.P. 26(c)(5) to issue a protective order in order to protect a person "from annoyance, embarrassment, depression or undue burden …" by seeking to have this court designate who may be present at the depositions.

The court's discretion under Rule 26(c)(5) "should be invoked sparingly, else the openness on which our legal system properly prides itself would be impaired." Kerschbaumer v. Bell, 112 F.R.D. 426 (D.D.C., 1986). There is a general reluctance to bar persons from depositions particularly when it is a party whose presence is sought to be barred. "Parties may be excluded from pretrial depositions only under the most compelling of circumstances". Baylis v. Pirelli Armstrong Tire Corp.,1997 W.L. 1052016 (D.Conn., 1997) (see attached Exhibit 1).

In this case, parties have made no specific showing of any attempts to annoy, embarrass or oppress by Susan Talcofsky Aguiar. It is note worthy that this dispute between the parties concerning theft by Eric Talcofsky has been going on for over two years and the allegations by Eric's daughter deal with conduct which is alleged to have occurred more than ten years ago and was made public more than two years ago. During the entire period that these two disputes have been in existence, the witnesses cannot point to a single incident where they were annoyed, embarrassed or oppressed by Susan Talcofsky Aguiar or by her husband John Aguiar.

The parties cannot support their burden by general allegations. A protective order should not issue based upon "a broad allegation of harm unsubstantiated by specific examples" J.T. Baker, Inc. v. Aetna Casualty & Surety Co., 135 F.R.D. 86 (D.N.J., 1989); Frank v. County of Hudson, 924 F.Supp. 620 (D.N.J., 1996)

The lack of evidence in this case should be contrasted with one of the few cases where such an order was granted. In Galella v. Onasis, 487 F.2d 986 (2nd Cir. 1973), the court issued a limitation on a party being present at deposition because the party

> "had already been charged with violation of the court's temporary restraining order which was entered to protect the defendant from further harassment. Such conduct could be deemed to reflect both an irrepressible intent to continue plaintiff's harassment of defendant and his complete disregard for judicial process. Anticipation of misconduct during examination could reasonably have been founded on either." *Id.* at 16

In this case, there is absolutely no history of inappropriate or improper conduct by Susan Talcofsky Aguiar. In addition, Mrs. Aguiar is an attorney subject to strict discipline by this court. As she sets out in her Affidavit, she is aware of her obligations as an officer of the court attending a deposition.

The witnesses have simply not presented any evidence to this court to support the extraordinary remedy of barring the appropriately designated representative of the party in this crucial deposition.

### III. THE PRESENCE OF SUSAN TALCOFSKY AGUIAR IS ESSENTIAL TO PRIME POULTRY EFFECTIVELY DEPOSING ERIC AND XIMENA TALCOFSKY.

As set out in the Affidavit of Susan Talcofsky Aguiar, she is the only living person available to Prime Poultry who can advise Counsel concerning the rather detailed and complex mechanisms of tracing how products were shipped from Prime Poultry without being detected by the various bookkeeping and accounting procedures of Prime Poultry. As apparent from discovery to date, Eric Talcofsky has been very adept at devising schemes which prevented detection of his theft. It is expected that during the deposition of Eric Talcofsky the assistance of Susan Talcofsky Aguiar will be necessary in order to fully expose these various schemes.

Similarly, Eric and Ximena Talcofsky have had multiple financial dealings involving purchase of assets, involvements with off shore companies, and purchase of real estate, all of which were known to Susan Talcofsky Aguiar during the time prior to the split in the family. Mrs. Aguiar will be of valuable assistance in examination concerning those procedures.

### IV. THERE IS NO UNFAIR HARASSMENT OR STRESS DUE TO THE PRESENCE OF SUSAN TALCOFSKY AGUIAR.

As an initial matter, it should be noted that Counsel for the parties held a conference to discuss the necessity for a protective order. Plaintiff's Counsel has agreed that John Aguiar, the warehouse manager, who also has substantial information concerning the mechanisms of fraud,

would not be present at the deposition in order to avoid any discomfort on the part of Eric or Ximena Talcofsky.

Plaintiff's Counsel has also advised Counsel for the witnesses that Susan Talcofsky Aguiar is fully aware of her obligations as an attendee at the deposition and she has no intention of intimidating, harassing or even communicating with Eric and Ximena Talcofsky during the depositions. It should be noted that Mrs. Aguiar is an attorney and therefore is subject to, and aware of, her obligations as an officer of the court to avoid any inappropriate harassment or intimidation.

I should also be noted that the Assistant District Attorney, Kristen Buxton, who is prosecuting the charges against John Aguiar in Essex County, has advised Prime's Counsel, who represents Mr. Aguiar in that case in Essex County, that she has no position on the Motion for Protective Order. The failure of the Commonwealth to join in the protective order suggests that protective order is not necessary to serve any purpose in the criminal prosecution of the case.

V.  CONCLUSION

It is striking that Eric and Ximena Talcofsky have always adamantly insisted that there was no connection between the allegations of abuse by their daughter and that it is merely a coincidence that Eric Talcofsky's being caught stealing from the family business was followed immediately by allegations by his daughter that she was sexually abused by Susan's husband. Eric and Ximena Talcofsky have been insistent that these two matters are totally unrelated.

      For purposes of this case, the allegations against John Aguiar are irrelevant. The witnesses should not be allowed to use those allegations as a shield to prevent effective depositions by Prime.

      Respectfully submitted,
Attorney for Plaintiff,


/s/ Michael W. Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108
(617) 723-1720
MA BBO# 415900

# EXHIBIT 1

Westlaw.

Not Reported in F.Supp.                                                                                                          Page 1

Not Reported in F.Supp., 1997 WL 1052016 (D.Conn.)

(Cite as: 1997 WL 1052016 (D.Conn.))

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.
Robert BAYLIS
v.
PIRELLI ARMSTRONG TIRE CORP.
No. 3:97 CV 729 PCD.

Oct. 31, 1997.

Igor I. Sikorsky, Jr., Law Offices of Igor I. Sikorsky, Jr., Wethersfield, for Robert Baylis, Norbert Carr, Anthony Esposito, Gerhard Roller, George W. Smith, Jr., plaintiffs.

Brenda A. Eckert, Jennifer Brown Mailly, Shipman & Goodwin, Hartford, for Pirelli Armstrong Corp, defendants.

RULING ON PENDING DISCOVERY DISPUTE

MARGOLIS, Magistrate J.

*1 Familiarity is presumed with the Memorandum of Discovery Conference, filed October 31, 1997. This ruling addresses the only issue as to which counsel were unable to agree.

Defendant requests that each plaintiff be precluded from attending the depositions of the other plaintiffs and should be precluded from reviewing or discussing the deposition transcript of each other plaintiff prior to trial. Both counsel agree that a pivotal legal issue in this case is the timeliness of the filing of this action; discovery will be taken regarding each plaintiffs' receipt of a memorandum received in January 1996, interpretations thereof, and actions taken prior to June 30, 1996. Defense counsel anticipates that the five depositions will be similar, in that similar facts and similar claims are asserted by each of the plaintiffs. She is concerned that plaintiffs will attempt to "conform" their testimony, resulting in an "intentional or unintentional leveling of testimony." Plaintiffs argue, in opposition, that the facts here do not present the "extraordinary circumstances" under which parties can be excluded from depositions under FED. R. CIV. P. 26(c)(5) [FN1] and that there will be "no subtle differences" between the plaintiffs' anticipated testimony.

> FN1. The rule permits the Court to order that "discovery be conducted with no one present except persons designated by the Court."

Rule 26(c)(5) **"and the Court's discretion under it, should be invoked sparingly, else the openness on which our legal system properly prides itself would be impaired."** *Kerschbaumer v. Bell,* **112 F.R.D. 426 (D.D.C.1986)** (citation omitted). This rule should not be invoked **"because of some inchoate fear that perjury would otherwise result."** *Id.* at 427. A similar request was made by a defendant in *Shipley v. First Federal Sav. & Loan Ass'n of Delaware,* 1986 WL 11549 (D.Del. Apr. 4, 1985), [FN2] a case where the plaintiffs were a husband and wife. In finding "good cause" under Rule 26(c)(5), the court observed as follows:

> FN2. The *Shipley* opinion is attached as Exh. A to *Kinney v. Aetna Life & Cas. Ins. Co.,* 1986 WL 11549 (Del.Super.Ct. July 10, 1986).

When plaintiffs are allowed to attend each others['] deposition, there is a real danger that the co-plaintiffs will conform any potential inconsistencies in their respective testimony through the knowledge that each gains at the others' deposition, thereby depriving defendant of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                          Page 2
Not Reported in F.Supp., 1997 WL 1052016 (D.Conn.)

**(Cite as: 1997 WL 1052016 (D.Conn.))**

the opportunity to test the credibility of the respective testimony of each plaintiff. Courts have generally been sympathetic to the goal of truthtesting as a reason for ordering the separation of witnesses.

*Id.* at *2 (multiple citations omitted). However, the facts in *Shipley* were more compelling that those here, in that the Shipleys were appearing on a *pro se* basis, and often "conferr[ed] with one another before answering questions." *Id.* at *3.

A case which is remarkably similar to this one is *Visor v. Sprint/United Management Co.,* 1997 U.S. Dist. LEXIS 14086 (D.Colo. Aug. 15, 1997), apparently a race discrimination action filed by five plaintiffs. Defendant's arguments were virtually identical to those made here--(1) there was the "possibility" that the testimony of one plaintiff could influence or taint the later testimony of another plaintiff and (2) there was a need to establish a "clear record regarding the circumstances surrounding the appearance" of a highly prejudicial racially derogatory document allegedly circulated at Sprint. *Id.* at *10. The district judge categorically rejected these assertions:

*2 Parties may be excluded from pretrial depositions only under the most compelling of circumstances. Tactical considerations such as a desire to secure the independent recollection of witnesses or avoid the tailoring of testimony are per se not compelling and will not justify exclusion. We will not restructure the adjudicative process to manufacture opportunities for counsel to "catch" witnesses in inconsistent statements. The purpose of pretrial depositions is to discover facts, not to set up straw men to be easily confuted. For such we must rely on the competence and skill of counsel in cross-examination.

*Id.* at 8-9.

Therefore, in light of the *Visor* opinion, which is analogous to the present situation, defendant's request to exclude each plaintiff from his co-plaintiff's deposition is denied. Similarly, defendant's additional request that each plaintiff be excluded from reviewing or discussing the deposition transcript of each other plaintiff prior to trial is excessive and unnecessary.

*See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same); F.R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir.1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Not Reported in F.Supp., 1997 WL 1052016 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:97cv00729 (Docket) (Apr. 17, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.