UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWART F. GROSSMAN, as Assignee for the Benefit of Creditors of, PRIME POULTRY CORP., <br><br> Plaintiff, <br><br> vs. <br><br> YU & QUIANG TRADING, INC., WU CHEN and YU CHEN, <br><br> Defendants. | CASE NO. 05-10135-MLW |

**DEFENDANTS' MOTION FOR LEAVE OF COURT TO AMEND THEIR ANSWER TO ASSERT AN ADDITIONAL AFFIRMATIVE DEFENSE**

Now come the Defendants, Yu & Quiang Trading, Inc., Wu Chen and Yu Chen (together, "Yu & Quiang") and respectfully move to amend their *Answer to the Amended Complaint* pursuant to Federal Rule of Civil Procedure 15(a) to assert an affirmative defense based upon Prime Poultry's comparative negligence. As grounds for this Motion, Yu & Quiang states as follows.

Plaintiff Stewart F. Grossman, as Assignee for the Benefit of Creditors of Prime Poultry Corp. ("Prime Poultry") filed a Complaint in this action on or about January 24, 2005, and shortly thereafter Prime Poultry moved to amend the Complaint and filed an Amended Complaint. On or about March 28, 2005, Yu & Quiang answered the Amended Complaint.

Prime Poultry alleges that a former employee, Eric Talcofsky, arranged with Yu & Quiang from November 2002 until July 2003 to ship to Yu & Quiang poultry that was never

1

invoiced. Prime Poultry further alleges that in exchange for the uninvoiced poultry, Yu & Quiang paid Talcofsky cash for his personal benefit.

Prime Poultry had an inventory control system in place. It has admitted that it has an 800 to 900-page system manual for the system which it will make available for inspection. Prime Poultry has already made available an "Advanced Food System Software License Agreement," which is purportedly the agreement that Prime Poultry entered into whereby it was licensed software to control its inventory.

In its itemization of purported damages, Prime Poultry maintains that 9,804 boxes of poultry was shipped to Yu & Quiang from October 2002 through July 2003. The total amount of poultry that was shipped and invoiced during that same timeframe was, according to Prime Poultry, 59,008 boxes of poultry. Thus, Prime Poultry alleges that of the total amount of poultry shipped to Yu & Quiang during that timeframe, more than 14% was shipped without appearing on an invoice and without being paid for.

If Prime Poultry's allegations are true (which Yu & Quiang disputes), then Prime Poultry should have detected the uninvoiced poultry through its inventory control system or otherwise. Based upon the quantity of uninvoiced poultry alleged to have been shipped, Prime Poultry was negligent in failing to detect such a substantial amount of poultry. To the extent that Prime Poultry was in fact negligent, Prime Poultry's damages should be reduced accordingly.

Discovery is ongoing. To date, Prime Poultry has deposed Eric Talcofsky and his wife Ximena. Prime Poultry has also deposed Frank DeIulis, a contractor who did work at Talcofsky's home. Through these depositions, Prime Poultry has attempted to show that

DPR/33028/2/575780v1
05/12/06-BOS/

Talcofsky's expenses outstripped his income, implying that the additional funds that Talcofsky used to pay for the expenses came from Yu & Quiang in the purported cash-for-uninvoiced poultry arrangement.

Recently, on or about March 21, 2006, Prime Poultry responded to Yu & Quiang' *Request for Production of Document*s and *Interrogatories*.  Additionally, Prime Poultry has noticed the depositions of Defendant Wu Chen and Defendant Yu Chen for June 2006, and Yu & Quiang has noticed the depositions of Susan Talcofsky Aguiar (a former principal of Prime Poultry) and of Barry Goodwin (a former CFO of Prime Poultry) for June 2006.  Thus, there is no delay associated with this Motion, and Prime Poultry will have ample time to conduct any discovery that it deems necessary to respond to a comparative negligence affirmative defense.

**Wherefore**, Yu & Quiang respectfully requests that the *Motion to Amend their Answer* be allowed.

>
> Respectfully submitted
> YU & QUIANG TRADING, INC.,
> WU CHEN and YU CHEN
> By their attorneys
>
>
> _____/s/_____
> David P. Russman (BBO# 567796)
> PEPE & HAZARD LLP
> 225 Franklin Street
> Boston, Massachusetts  02110
> (617) 748-5500
> Fax:  (617) 748-5555

Dated: May 12, 2006

## Certification

I, David P. Russman, hereby certify that on May 12, 2006, I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues presented in this Motion. The conference was unsuccessful.

/s/
David P. Russman

## Certificate of Service

I hereby certify that I have today served the above motion upon counsel for the opposing party by electronic means.

/s/
David P. Russman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
STEWART F. GROSSMAN, as Assignee ) CASE NO. 05-10135-MLW
for the Benefit of Creditors of, )
PRIME POULTRY CORP., )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )
                                         )
YU & QUIANG TRADING, INC., )
WU CHEN and YU CHEN, )
                                         )
        Defendants.                      )
_____ )

## AMENDED ANSWER OF YU & QUIANG, WU CHEN AND YU CHEN

### Introduction

Defendants Yu & Quiang Trading, Inc., Wu Chen and Yu Chen (collectively, "YQTI") hereby hereby answer the numbered paragraphs in the Complaint plaintiff Stewart F. Grossman, in his capacity as Assignee for the Benefit of Creditors of Prime Poultry Corp ("Prime"). The phrase "without information" means that YQTI is without sufficient information to admit or deny the allegation and therefore denies the allegation.

### Answer to Numbered Paragraphs in Complaint

1.      Admitted.

2.      Admitted.

3.      Denied that Wu Chen has any formal designation as a Chief Operating Officer of YQTI as alleged. Otherwise admitted.

4. Denied that Yu Chen has any formal designation as Chief Executive Officer of YQTI as alleged. Otherwise admitted.

5. YQTI knows that Prime was poultry wholesaler. YQTI is without knowledge as to the details of Prime's business activities.

6. YQTI knows that Talcofsky was a salesman at Prime, and that at some point in 2002 Norman Talcofsky died.

7. YQTI is without information with respect to the stock ownership of Prime after Norman Talcofsky's death.

8. Admitted that YQTI is a wholesaler.

9. Admitted that YQTI was able to buy for less from Prime.

10. Denied.

11. YQTI is without knowledge as to what Eric Talcofsky did or did not arrange. Denied as to all other allegations.

12. YQTI is without knowledge as to the Prime videotapes. Denied as to all other allegations.

13. Denied that YQTI did not pay Prime and denied the YQTI paid Eric Talcofsky cash for the shipment in question.

14. Denied.

15. YQTI is without information as to what Prime did or did nor discover or what Eric Talcofsky did or did not do.

16. Admitted that YQTI paid for the product in question. Denied as to all other allegations.

2

17. Denied that there was a scheme to take Prime's products without payment.

18. Denied.

21. Denied.

22. Admitted that YQTI intended to pay the price stated on invoices sent by Prime, whether or not such price was a "market price." Further answering, YQTI was trying to get the best price it could for products it bought.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. YQTI has its place of business in New York although it would buy product from Prime in Massachusetts.

32. Denied.

33. Denied.

34. Denied.

## Affirmative Defenses

### First Affirmative Defense

Prime has failed to state a claim for which relief can be granted.

DPR/33028/2/575799v1
05/12/06-BOS/

<u>Second Affirmative Defense</u>

The claims asserted in the complaint in this case against YQTI are claims for which Prime has already been paid in full as a result of settlement of its suit against Eric Talcofsky, a former officer of Prime, which asserted the same claims, and therefore YQTI owes Prime nothing.

<u>Third Affirmative Defense</u>

All actions of Prime and YQTI were authorized by Norman Talcofsky, chief executive officer of Prime. Alternatively, Prime is estopped from bringing or has waived its claims due to the authorization and direction received from Norman Talcofsky, which authorization and direction was never revoked.

<u>Fourth Affirmative Defense</u>

Prime lacks jurisdiction in Massachusetts under G. L. c. 93A, and Prime retains the burden of proof of showing that such jurisdiction exists.

<u>Fifth Affirmative Defense</u>

If Prime has suffered damages, and if those damages were as a result of any actions or inactions on behalf of YQTI (which YQTI expressly denies), then Prime was comparatively negligent and, accordingly, Prime's damages are either barred in their entirety or subject to reduction.

**<u>Relief Sought</u>**

Wherefore, Defendants Yu & Quiang Trading, Inc., Wu Chen and Yu Chen ask this Court for the following relief:

DPR/33028/2/575799v1
05/12/06-BOS/

(1) On Counts, I-V, award judgment to the Defendants and against the Plaintiff, and award the Defendants their costs of defense including attorney's fees;

(2) On Counts, I-V, award Defendants their legal fees and costs of defense under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927; and

(3) Award such other relief to the Defendants as this Court deems just and equitable.

                                        **YU & QUIANG TRADING, INC., WU CHEN and YU CHEN**
                                        By their attorneys,

                                        /s/_____
                                        David P. Russman (BBO # 567796)
                                        PEPE & HAZARD LLP
                                        225 Franklin Street
                                        Boston, Massachusetts  02110
                                        (617) 748-5500
Dated: May 12, 2006                     Fax:  (617) 748-5555

<u>Certificate of Service</u>

The undersigned hereby certifies that he has today served a copy of the foregoing by electronic service and regular mail upon counsel for the Plaintiff.

                                        /s/_____
                                        David P. Russman

Dated: May 12, 2006

DPR/33028/2/575799v1
05/12/06-BOS/