# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWARD F. GROSSMAN, ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF PRIME POULTRY CORP.<br>　　　　Plaintiff,<br><br>v.<br><br>YU & QUANG TRADING, INC., WU CHEN and YU CHEN<br>　　　　Defendants, | CIVIL ACTION NO.:<br>05 10135MLW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND PROTECTIVE ORDER**

### I.    Motion to Compel

The Defendant has had every reasonable opportunity to have access to the videotapes. The available access includes the following:

- In Response to Request for Production of Documents, Plaintiff indicated "tapes are available for inspection upon reasonable notice to Plaintiff's counsel".

- On March 3, 2006, Plaintiff voluntarily agreed to make John Aguiar, the warehouse manager for Prime Poultry, available to show defense counsel exactly what is on the tapes and to explain how tapes can be interpreted. It should be emphasized that this voluntary cooperation by Plaintiff was an extraordinary opportunity for defense counsel to see Plaintiff's work product. Defense counsel received a complete "free" demonstration of exactly what was on the tapes and what it meant.

- Defense counsel has been told, at all times, that complete copies of the tapes will be made, at Defendant's cost, if they are requested. Defendant has never requested copies of the tapes.

- Plaintiff's counsel has agreed to make the original tapes available to any legitimate expert selected by the Defendant, so that the Defendant can review these tapes at the expert's place of business.

- Plaintiff has agreed to allow defense counsel and any designee to come into the Plaintiff's property, use the Plaintiff's equipment and view the tapes in question.

In summary, the Defendant has had complete and extraordinary access beyond what would be required by the discovery rules to access these tapes.

The one thing the Plaintiff has refused to do is to allow Eric Talcofsky, a non-party to this litigation, to come into the 24 Chesterton St. property with defense counsel. As defense counsel knows, Eric Talcofsky has, in the opinion of Susan and John Aguiar, caused his daughter to falsely accuse John Aguiar of rape of a child. Criminal charges are currently pending against John Aguiar in Essex Superior Court. It is expected that Eric Talcofsky will be a witness in that criminal trial. There is an extraordinary level of ill-will and bitterness between Eric Talcofsky, on one hand, and John Aguiar and Susan Aguiar, on the other hand. Under those circumstances, it is completely unreasonable for the Defendants to suggest that the only person who can view these tapes in a property owned by Susan and John Aguiar is Eric Talcofsky. It should be noted that there were 20 to 30 warehouse workers who are completely familiar with what would appear on the videotapes and would have better basis for interpreting the tapes than Eric Talcofsky. It is simply unreasonable and unfair to the Plaintiffs to insist that they would be forced to allow Eric Talcofsky into the property.

It should also be noted that in addition to the false allegations of rape, Eric Talcofsky was fired from Prime Poultry because of his theft of hundreds of thousands of dollars worth of product. It is inappropriate to suggest that Mr. Talcofsky should now be allowed to literally return to the scene of his crime when there is no necessity.

In summary, the Plaintiffs have bent over backwards to cooperate with the Defendants in connection with these videotapes and have agreed to every reasonable accommodation. It is difficult to avoid the conclusion that Defendants are simply using this videotape issue as a way to delay the final resolution of this case.

## II.    Motion for Protective Order

If anything, the Motion for Protective Order is more unusual than the Motion to Compel. The parties have been attempting to schedule the depositions of the two principles of Yu & Quang for several months because of scheduling problems of all parties. The depositions are currently scheduled for June 20 and 21. Plaintiff has agreed to take the depositions in the New York law offices of Defendants' local counsel.

The Defendants appear to be saying they need to see what is on the videotapes before they know what to testify to at their deposition. Of course, given the obligation to simply tell the truth at the deposition, that cannot possibly be correct. In any case, there is no right of any party to have certain discovery take place before other discovery. In this case, the Defendants should be required to appear at the depositions and truthfully answer questions.

The argument is particularly underwhelming since the videotapes to be viewed are videotapes of 24 Chesterton Street in Dorchester, Massachusetts. It is the location where, to the Plaintiff's knowledge, neither Defendant has visited. Thus, the Defendants will not be asked about visual images which appear on the videotapes since they were not present when any of the videotapes were made.

The argument is also underwhelming since the failure to have viewed the videotapes is a result of the defense counsel's voluntary decision to not to take up the offer to view the tapes, not to take up the offer to have the tapes copied, and not to take up the offer to have some person

other than Eric Talcofsky view the tapes. It is simply not reasonable, having passed up all these opportunities to view the tapes, to now argue that discovery should further be delayed.

This court should deny Defendants' Motion to Protective Order and allow the Defendants' depositions to go forward on June 20 and 21.

                                                           Respectfully submitted,
                                                           Attorney for Plaintiff,

                                                           /s/ Michael W. Reilly

                                                           Michael W. Reilly, Esq.
                                                           Tommasino & Tommasino
                                                           2 Center Plaza
                                                           Boston, MA   02108
                                                           (617) 723-1720
                                                           BBO# 415900