UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
STEWART F. GROSSMAN, as Assignee   )
for the Benefit of Creditors of,                       )
PRIME POULTRY CORP.,                              )
                                                                    )
        Plaintiff,                                          )
                                                                    )
vs.                                                                )   CASE NO. 05-10135-MLW
                                                                    )
YU & QUIANG TRADING, INC.,                    )
WU CHEN and YU CHEN,                           )
                                                                    )
        Defendants.                                      )
                                                                    )
_____)

**DEFENDANTS' MOTION FOR LEAVE OF COURT TO AMEND THEIR ANSWER
TO ASSERT AN ADDITIONAL AFFIRMATIVE DEFENSE**

      Now come the Defendants, Yu & Quiang Trading, Inc., Wu Chen and Yu Chen (together, "Yu & Quiang") and respectfully move to amend their *Answer to the Amended Complaint* pursuant to Federal Rule of Civil Procedure 15(a) to assert an affirmative defense based upon Prime Poultry's comparative negligence. As grounds for this Motion, Yu & Quiang states as follows.

      Plaintiff Stewart F. Grossman, as Assignee for the Benefit of Creditors of Prime Poultry Corp. ("Prime Poultry") filed a Complaint in this action on or about January 24, 2005, and shortly thereafter Prime Poultry moved to amend the Complaint and filed an Amended Complaint. On or about March 28, 2005, Yu & Quiang answered the Amended Complaint.

      Prime Poultry alleges that a former employee, Eric Talcofsky, arranged with Yu & Quiang from November 2002 until July 2003 to ship to Yu & Quiang poultry that was never

1

invoiced. Prime Poultry further alleges that in exchange for the uninvoiced poultry, Yu & Quiang paid Talcofsky cash for his personal benefit.

Prime Poultry had an inventory control system in place. It has admitted that it has an 800 to 900-page system manual for the system which it will make available for inspection. Prime Poultry has already made available an "Advanced Food System Software License Agreement," which is purportedly the agreement that Prime Poultry entered into whereby it was licensed software to control its inventory.

In its itemization of purported damages, Prime Poultry maintains that 9,804 boxes of poultry was shipped to Yu & Quiang from October 2002 through July 2003. The total amount of poultry that was shipped and invoiced during that same timeframe was, according to Prime Poultry, 59,008 boxes of poultry. Thus, Prime Poultry alleges that of the total amount of poultry shipped to Yu & Quiang during that timeframe, more than 14% was shipped without appearing on an invoice and without being paid for.

If Prime Poultry's allegations are true (which Yu & Quiang disputes), then Prime Poultry should have detected the uninvoiced poultry through its inventory control system or otherwise. Based upon the quantity of uninvoiced poultry alleged to have been shipped, Prime Poultry was negligent in failing to detect such a substantial amount of poultry. To the extent that Prime Poultry was in fact negligent, Prime Poultry's damages should be reduced accordingly.

Discovery is ongoing. To date, Prime Poultry has deposed Eric Talcofsky and his wife Ximena. Prime Poultry has also deposed Frank DeIulis, a contractor who did work at Talcofsky's home. Through these depositions, Prime Poultry has attempted to show that

Talcofsky's expenses outstripped his income, implying that the additional funds that Talcofsky used to pay for the expenses came from Yu & Quiang in the purported cash-for-uninvoiced poultry arrangement.

Recently, on or about March 21, 2006, Prime Poultry responded to Yu & Quiang' *Request for Production of Document*s and *Interrogatories*.  Additionally, Prime Poultry has noticed the depositions of Defendant Wu Chen and Defendant Yu Chen for June 2006, and Yu & Quiang has noticed the depositions of Susan Talcofsky Aguiar (a former principal of Prime Poultry) and of Barry Goodwin (a former CFO of Prime Poultry) for June 2006.  Thus, there is no delay associated with this Motion, and Prime Poultry will have ample time to conduct any discovery that it deems necessary to respond to a comparative negligence affirmative defense.

**Wherefore**, Yu & Quiang respectfully requests that the *Motion to Amend their Answer* be allowed.

> Respectfully submitted
> YU & QUIANG TRADING, INC.,
> WU CHEN and YU CHEN
> By their attorneys
>
>         /s/
> David P. Russman (BBO# 567796)
> PEPE & HAZARD LLP
> 225 Franklin Street
> Boston, Massachusetts  02110
> (617) 748-5500
> Fax:  (617) 748-5555

Dated: May 12, 2006

## Certification

I, David P. Russman, hereby certify that on May 12, 2006, I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues presented in this Motion. The conference was unsuccessful.

/s/
David P. Russman

## Certificate of Service

I hereby certify that I have today served the above motion upon counsel for the opposing party by electronic means.

/s/
David P. Russman

DPR/33028/2/575780v1
05/12/06-BOS/